IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| v. | § | No. **3:00-CR-035-L** |
| | § | |
| **ERIC TIMOTHY WYNN** (2) | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Defendant's Rule 60(b)(5)(6) [sic] Motion to Modify Judgment, filed September 16, 2010. Defendant Eric Timothy Wynn asks the court to modify his judgment, though he does not specify the precise relief he seeks. After carefully considering the motion, record, and applicable law, the court **denies** Defendant's Rule 60(b)(5)(6) [sic] Motion to Modify Judgment.

Defendant was found guilty on four counts after a jury trial. Specifically, he was convicted of counts three and five, obstructing commerce by robbery and aiding and abetting, in violation of 18 U.S.C. §§ 1951(a) and § 2, and counts four and six, using and carrying a firearm during a crime of violence and aiding and abetting, in violation of 18 U.S.C. §§ 924(c)(1) and 2. The court entered its criminal judgment as to Defendant on September 7, 2000. The court sentenced Defendant to a total of 425 months imprisonment: 41 months on counts three and five to be served concurrently, and 84 months on count four and 300 months on count six to be served consecutively to each other and consecutively to counts three and five.

Defendant requests relief pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. He cites *United States v. Diaz*, 592 F.3d 467 (3d Cir. 2010), as the basis for the relief he seeks. In *Diaz*, the Third Circuit held that the Double Jeopardy Clause of the United States Constitution was violated in a case in which a defendant was sentenced to two consecutive terms for two counts of

18 U.S.C. § 924(c) but only one underlying predicate crime. 592 F.3d at 474-75. That court held that section 924(c) was ambiguous in the case before it, and it vacated one of the section 924(c) convictions and remanded to the district court for resentencing. *Id*. at 475.

The court determines that Defendant is not entitled to any relief. First, he has moved pursuant to a Federal Rule of *Civil* Procedure, which does not apply in the context of this criminal case. Second, he relies upon a case from the Third Circuit, which is not binding on this court. Finally, even if the court were to apply the holding of *Diaz*, it would not be required to resentence him. The Fifth Circuit reached a similar result to *Diaz* in *United States v. Phipps*, 319 F.3d 177, 184-85 (5th Cir. 2003). Unlike the defendant in *Diaz*, Defendant was convicted of two separate counts of obstructing commerce by robbery for acts that occurred on two separate dates, November 29, 1999, and December 4, 1999. There are therefore two separate predicate crimes that form the basis of his section 924(c) convictions, and there is no basis for a challenge to his sentence pursuant to the Double Jeopardy Clause of the United States Constitution. *See id*. at 186. Accordingly, the court **denies** Defendant's Rule 60(b)(5)(6) [sic] Motion to Modify Judgment.

**It is so ordered** this 21st day of September, 2010.

                                          Sam A. Lindsay
                                          United States District Judge