**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **V.** | § | **CRIMINAL NO. 3:00-CR-035-L-2** |
| | § | |
| **ERIC TIMOTHY WYNN, #33655-077,** | § | |
| | § | |
| **Defendant.** | § | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Before the court is Defendant's *pro se* Motion to Reduce Sentence Under 18 U.S.C. § 3582(c)(1)(A) due to extraordinary and compelling reasons (Doc. 205). The Government opposes Defendant's motion (Doc. 208). Having considered all the relevant pleadings, record, and applicable law, the court **denies** Defendant's motion to reduce sentence.

I.

In 2000, Defendant was charged in a superseding indictment with three counts of obstructing commerce by robbery and aiding and abetting (Hobbs Act Robbery) in violation of 18 U.S.C. § 1951(a) and 18 U.S.C. § 2, and three counts of use of a firearm in connection with a crime of violence and aiding and abetting, in violation of 18 U.S.C. § 924(c)(1) and 18 U.S.C. § 2. Before trial, the Government dismissed one Hobbs Act Robbery count and one firearm count. A jury subsequently found Defendant guilty on the remaining counts and Defendant was sentenced to 425 months' imprisonment—41 months on each Hobbs Act Robbery (counts 3 and 5), to be served concurrently, and mandatory 84 and 300 months respectively for the firearm counts to be served consecutively to each other and consecutive to counts 3 and 5. Crim. Doc. 109 (Sanders, J.). In

2003, The Fifth Circuit affirmed his conviction on direct appeal.  *United States v. Wynn*, 61 F. App'x 917, 2003 WL 1100804 (5th Cir. 2003) (per curiam).

Defendant unsuccessfully sought relief under Rule 60(b) and then filed an untimely motion to vacate sentence under 28 U.S.C. § 2255, which was dismissed.  *Wynn v. United States*, No. 3:14-CV-2142-L-BN (N.D. Tex. Nov. 25, 2015).  He also filed a successive § 2255 seeking relief under *Johnson v. United States*, 576 U.S. 591 (2015), but it was transferred to the Fifth Circuit Court of Appeals, which later denied him leave to file.  *Wynn v. United States*, No. 3:16-CV-1747-L-BN (N.D. Tex. Oct. 5, 2016).  Although Defendant also sought relief based on *United States v. Davis*, 139 S. Ct. 2319 (2019), his construed § 2255 motion was again transferred to the Fifth Circuit and ultimately dismissed for want of prosecution.  *Wynn v. United States*, No. 3:19-CV-2068-L-BK (N.D. Tex. Aug. 29, 2019).

In December 2018, while Defendant was serving his sentence, Congress passed the First Step Act.  *See* Pub. L. No. 115-391, 132 Stat. 5194.  As relevant here, Congress amended 18 U.S.C. § 924(c)(1)(C), the provision that imposes a 25-year minimum sentence for repeat firearms offenders, to eliminate stacking.  *See id*, § 403.  After that amendment, the 25-year mandatory minimum applies only "[i]n the case of a violation of [§ 924(c)] that occurs after a prior conviction under this subsection has become final."  18 U.S.C. § 924(c)(1)(C).

As Defendant recognizes, the provision is not retroactive.  To overcome that hurdle, Defendant seeks modification of his sentence under 18 U.S.C. § 3582(c)(1)(A), claiming that extraordinary and compelling reasons warrant a reduction in his sentence.  He cites *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021).  Defendant also mentions his young age at sentencing, his immaturity, his economically disadvantaged upbringing with no paternal or

maternal presence, the length of time he has served (22 years), his rehabilitation efforts while in prison, and the harsh conditions of his confinement due to the COVID-19 pandemic.

The Government opposes relief.   It emphasizes that § 403 does not apply retroactively to Defendant and that his sentence-based request for relief is none other than an attempted end-run around the procedural hurdles in 28 U.S.C. § 2255.  Further, the Government argues a couple of factors militate against granting relief:   (1) the seriousness of the defendant's offenses of conviction, (2) the defendant's criminal conduct, which extended far beyond the convictions in this case, and (3) his disciplinary records.  Also, the Government contends the § 3553(a) factors weigh against granting the motion.

After considering the motion and the applicable factors provided in 18 U.S.C. § 3553(a), the court finds in its discretion that the unique circumstances in this case do not justify a reduction in sentence even when coupled with the § 924(c) sentencing change.   Therefore, the motions to reduce sentence must be denied.


## II.

A district court lacks inherent authority to modify a defendant's sentence after it has been imposed.  *See* 18 U.S.C. § 3582(c).  Under § 3582(c)(1)(A), as amended by the First Step Act of 2018, however, "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'"   *United States v. Chambliss*, 948 F.3d 691, 692-93 & 693 n.1 (5th Cir. 2020) (quoting § 3582(c)(1)(A)(i)).

In *United States v. Shkambi*, the Fifth Circuit Court of Appeals held that this statute gives district courts the discretion, after applying the sentencing factors, to modify and reduce sentences. 993 F.3d 388, 393 (5th Cir. 2021). Critically, the Fifth Circuit made clear that when considering a motion for compassionate release filed by a prisoner, rather than by the BOP, the district court is not bound by the extraordinary and compelling reasons set forth in the policy statement in Application note 1. *Id.* at 393. Rather, "[t]he district court . . . is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)." *Id.* Indeed, "motions for compassionate release are inherently discretionary" and, as the statute provides, "a district court 'may' reduce an otherwise-eligible defendant's sentence 'after considering the factors set forth in section 3553(a) to the extent that they are applicable.'" *Ward v. United States*, 11 F.4th 354, 360 (5th Cir. 2021) (quoting § 3582(c)(1)(A)).[*]

Here, the totality of circumstances does not present extraordinary and compelling reasons for a reduction of sentence even when considering the § 924(c) sentencing change. First, Defendant's stacked sentences do not appear facially unjust based on the facts in his case. Defendant and a co-defendant were indicted in a superseding indictment for committing three robberies and using firearms to intimidate employees and stealing cash. Presentence Report ("PSR") ¶ 2, Crim. Doc. 209. The Government elected to drop the charges for one of the armed robbery before trial, and the jury found him guilty of the other two armed robberies. PSR ¶ 5.

---

[*] The circuit courts of appeals that have addressed the issue are split on whether nonretroactive sentencing changes can be considered as one of several factors forming extraordinary and compelling circumstances qualifying for sentence reduction. *See United States v. Ruvalcaba*, 26 F.4th 14, 24 (1st Cir. 2022) (collecting cases and noting the Third, Seventh and Eighth Circuits do not permit the consideration of non-retroactive sentencing changes under § 3582(c)(1)(A), but that the First, Fourth, and Tenth do; and that divided panels of the Sixth Circuit have placed that court on both sides of the aisle).

According to the PSR, Defendant served as a lookout during the first armed robbery, while his co-defendant entered a convenience store and pointed a revolver at the cashier to place him in fear for his life and demanded money from the cash register and then the store's safe.  PSR ¶ 10.  During the second robbery, Defendant entered the store and pointed a semiautomatic pistol to the cashier and demanded money, again placing employees in fear for their lives.  PSR ¶ 11.  Moreover, in November and December 1999, Defendant and/or his co-defendants were involved in 24 armed robberies and Defendant was involved in at least four of them.  PSR ¶¶ 47-48.

Second, Defendant's individualized circumstances, taken as a whole, do not weigh in his favor.  Defendant states that he was only 18 years old when he was involved in the crime spree (19 years old at his sentencing) and immature and, thus, that his involvement in the criminal activity at issue in this case was impulsive and as a result of peer pressure.  Defendant maintains that he is not incorrigible and that he has tried to better himself in prison during the past twenty-one years through educational and vocational courses.  Also, Defendant avers that he had no prior criminal record and was in Criminal History Category 1.  The PSR reflects that Defendant was adjudicated delinquent at 16 years of age for possession of a controlled substance and that, after he completed one year of probation, the case was dismissed.   PSR ¶ 49.

His post-sentencing institutional record is less than desirable, however.  Defendant has received 12 disciplinary actions for the following: phone abuse, possession of a hazardous tool, possessing drugs and alcohol, engaging in sexual acts, being insolent to staff, failing to stand count, being absent from assignment, and possessing intoxicants.  Doc. 208-1 at 33-35 (disciplinary record, enclosed with the Gov.'s Resp.).  Four of Defendant's infractions were during the last two years, and he lost good-time credits on several occasions.  The behavior reported in these violations does not show a commitment to rehabilitation and following the law.

Further, based on the record as a whole and after weighing the 18 U.S.C. § 3553(a) sentencing factors, the court finds in its discretion that they do not support Defendant's request for a sentence reduction. 18 U.S.C. § 3553(a). The court is obligated to consider these factors to the extent they are applicable. *See* 18 U.S.C. § 3582(c)(1)(A).

The nature and circumstances of Defendant's offenses, the seriousness of the offenses, and his history and characteristics do not justify a reduced sentence. Reducing Defendant's sentence will not adequately reflect the seriousness of his offenses, promote respect for the law, provide just punishment for the offenses, adequately deter criminal conduct, or protect the public from further crimes. *See United States v. Martinez*, 832 F. App'x 906 (5th Cir. 2021) (noting that it was "not unreasonable for [a] court to place greater weight on the seriousness of [the] offense, including the fact that a dangerous weapon was involved in the criminal activity"). Finally, the nature, circumstances, and gravity of his offenses, combined with the possession of firearms, as summarized in the PSR, demonstrate that Defendant would be a danger to the community if released. Even considering *Concepcion v. United States*, --- U.S. ---, 142 S. Ct. 2389 (2022), the court finds that the § 3553(a) factors do not support a sentence reduction. *Id.* at 2396 ("[A] district court adjudicating a motion under the First Step Act may consider other intervening changes of law (such as changes to the Sentencing Guidelines) or changes of fact (such as behavior in prison) in adjudicating a First Step Act motion.").

For all of the previously stated reasons, the court **denies** Defendant's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A).

**It is so ordered** this 9th day of August, 2022.

Sam A. Lindsay
United States District Judge